**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA *
*
v. * Crim. No. CCB-00-296
*
DORIAN JAMERSON *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM**

Dorian Jamerson is a forty-nine-year-old federal prisoner serving a 272-month sentence for bank robbery. Now pending is Jamerson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 175). Jamerson seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. (ECF 175). The government opposes the motion, (ECF 179), and Jamerson has replied, (ECF 180). For the reasons explained below, the motion will be denied.

**BACKGROUND**

In June 2000, Jamerson, along with another man, entered Farmers and Mechanic Bank in Baltimore, and pulled out a handgun. Jamerson held the manager of the bank at gunpoint and ordered the manager and another employee to put all the money in the bank's vault into a pillowcase. Jamerson and the other man left the bank with over $300,000, where they were met by a getaway driver and a fourth co-conspirator. (ECF 179 at 2). Jamerson was charged with bank robbery, in violation of 18 U.S.C. § 2113(a) and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (*Id.* at 3). Jamerson pleaded guilty and this court sentenced him to 272 months' imprisonment on January 31, 2001. (ECF 57). Jamerson is expected to be released from federal custody on December 6, 2020. (ECF 179 at 3).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce

a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The government does not contest that Jamerson's motion is properly before the court. (ECF 179 at 15). The only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Jamerson's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

**DISCUSSION**

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over sixty-five years old, has failing health, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other

reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 323–24 (D. Md. 2020) (citing cases); *United States v. Brooker*, 976 F.3d 228, 234–36 (2d Cir. 2020).

Jamerson argues that his risk of developing serious illness related to COVID-19 due to his underlying medical conditions (chronic Hepatitis C, a bursal cyst, and elevated hemoglobin levels consistent with prediabetes) constitutes an "extraordinary and compelling reason" to reduce his sentence. (ECF 175 at 2–3). The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Nov. 2, 2020). The CDC distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition "are at increased risk" (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition "might be at an increased risk" (e.g., type 1 diabetes). *Id.* Chronic hepatitis C is a liver infection and can result in advanced liver disease. *Hepatitis C*, CDC, https://www.cdc.gov/hepatitis/hcv/index.htm (last accessed Nov. 16, 2020). Chronic liver disease is one of the conditions which "might" increase an individual's risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

medical-conditions.html (updated Nov. 2, 2020). Neither prediabetes nor bursal cysts appear in the CDC's guidance.

The court is not persuaded that Jamerson's underlying medical conditions rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction. The court does not minimize the potential complications for Jamerson associated with the hepatitis C virus. It is, however, not clear to the court that Jamerson is experiencing any symptoms associated with his hepatitis which would point to chronic liver disease, *see Hepatitis C*, CDC, https://www.cdc.gov/hepatitis/hcv/index.htm (last accessed Nov. 16, 2020), and the CDC's data collection shows that the evidence as to whether liver disease poses an increased risk of severe illness due to COVID-19 is, at this time, "limited," *see Coronavirus Disease 2019 (COVID-19): Scientific Evidence for Conditions that Increase Risk of Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (updated Nov. 2, 2020). Further, it appears Jamerson will be released from federal custody in a matter of weeks. Absent evidence of other underlying conditions that make Jamerson particularly vulnerable to COVID-19, the court does not believe the potential risks associated with Jamerson's hepatitis C are grounds for releasing him ahead of that schedule. *See, e.g.*, *United States v. Roden*, Crim. No. 7:16-cr-00069, 2020 WL 3871168, at *3 (W.D. Va. Jul. 9, 2020).[1] [2]

**CONCLUSION**

For the foregoing reasons, Jamerson's motion for compassionate release (ECF 175) will be denied. The associated motions to seal (ECFs 176, 178) will be granted to protect the confidentiality of personal information. A separate order follows.

---

[1] Unpublished opinions are cited for the persuasiveness of their reasoning rather than any precedential value.

[2] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.

_11/18/20___________
Date

__/S/___________________________
Catherine C. Blake
United States District Judge